IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STATE OF KANSAS,**

    **Plaintiff,**

    v.                                              CASE NO. 22-3220-JWL-JPO

**KRISTOPHER HOKETT,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the court on a notice of removal filed by the defendant in a state criminal case. Plaintiff filed this "Notice of Removal," purporting to remove a criminal case from the "Lower Tribunal Saline County, Kansas." (Doc. 1.) Plaintiff fails to provide a full case number and only provides that it is a criminal case filed in 2022. *Id*.

Under 28 U.S.C. § 1443, a state criminal defendant may remove a state criminal case to a federal district court if the defendant "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(a). "To remove a case under Section 1443(1), the criminal defendant must allege that he has been denied a federal right arising under a specific law or statute protecting racial equality, and that he cannot enforce his federal civil rights in his state court criminal proceedings." *Massachusetts v. Libertad*, Civ. Action No. 22-10131-DJC, 2022 WL 479799, at *2 (D. Mass. Feb. 16, 2022) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecutions where defendant is denied equal civil rights)); *see also Kansas, ex rel. Morrison v. Price*, 242 F. App'x 590, 592 (10th Cir. Aug. 2, 2007) (unpublished). In addition, the removal of state-court civil or criminal actions to federal court is permissible where

the action is against a federal officer, *see* 28 U.S.C. § 1442, or a member of the armed forces, *see* 28 U.S.C. § 1442a.

Plaintiff's notice of removal is largely incomprehensible, but includes a "petition" written by another inmate and Plaintiff's handwritten notes setting forth the circumstances of his homelife and his conditions of confinement. The notice suggests that this Court should order the state to place Plaintiff in a residential treatment facility. (Doc. 1, at 13.) "[C]omity demands that federal courts dot their i's and cross their t's before taking the serious step of removing a criminal prosecution to federal court." *Wyoming v. Livingston*, 443 F.3d 1211, 1225 (10th Cir. 2006) (citing *Mesa v. California*, 489 U.S. 121, 138 (1989) (stressing the "strong judicial policy against federal interference with state criminal proceedings") (internal quotation marks omitted)).

Section 1455 requires a notice of removal of criminal prosecutions to "include all grounds for such removal" and provides that "[a] failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds." 28 U.S.C. § 1455(b)(2). Plaintiff fails to state any valid grounds for removal. "Removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *First Nat'l Bank & Trust in Great Bend v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991) (citation omitted). "The burden of showing the propriety of removal always rests with the removing party." *Id.*; *see also Charter School of Pine Grove, Inc. v. St. Helena Parish School Bd.*, 417 F.3d 444, 448 (5th Cir. 2005) ("The defendant bears the burden of establishing its right to removal under § 1443."); *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (state criminal defendant, which sought removal of prosecution for violation of state water pollution laws, had burden of establishing right to removal).

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded. Plaintiff has failed to provide a full case number and only refers to the applicable court as the "lower tribunal" in Saline County, Kansas. Therefore, dismissal is appropriate. Plaintiff's motion for leave to proceed in forma pauperis is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS SO ORDERED**.

**Dated September 29, 2022, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**